UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>F. MONTOYA, et al.,<br><br>　　　　Defendants. | 1:17-cv-00605-LJO-GSA-PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT** |

**I.   BACKGROUND**

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2017. (ECF No. 1.) Plaintiff's Complaint is now before the court for screening. 28 U.S.C. § 1915A.

**II.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California. The events at issue in the Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants F. Montoya (Counselor), C. Carter (Counselor), Correctional Officer (C/O) R. Killmer, C/O S. Lopez, and Lieutenant (Lt.) A. Hart (collectively, "Defendants"), who were all employed at CCI at the time of the events at issue. Plaintiff's factual allegations follow.

On November 18, 2015, in an intentional and dishonest scheme, defendants Montoya and Carter included in Plaintiff's classification chrono an April 4, 1987 arrest for violation of PC 273(A)(1) (Willful Child Cruelty), and stated that Plaintiff was serving twenty-five years to life for violation of PC 290(g)(2) (Failure to Register/Specific Sex Offense Third Striker). In fact, the arrest on April 4, 1987 ultimately resulted in a plea bargain to the misdemeanor charge

of child endangerment with time served, and no fine, basically a traffic violation for speeding with a friend and his two daughters in the back seat without seat belts. Plaintiff had just tuned his 460 Ford motor and was testing it out wrongfully in the city on the way to Shakey's Pizza. "As simple as that like a Magic Mountain ride, no accident, nobody was hurt, safe and alert!" (ECF No. 1 at 6.)

Defendant Killmer checks the institutional computer in the floor office to see what offenses certain inmates are serving time for and tells various prisoners. Defendant Lopez gave inmate Sean Shupp, who murdered his cell mate in the past, Plaintiff's November 18, 2015, classification chrono. When Plaintiff arrived at CCI, prior to classification, defendant Lopez forced Plaintiff into a cell next to inmate Shupp. By delivering Plaintiff's mail (chrono) to inmate Shupp, defendants Killmer and Lopez deliberately placed Plaintiff in harm's way.

On December 14, 2015, Plaintiff was attacked by two prisoners on the Facility A yard under the direct aim of a gunner. Plaintiff sustained a head injury, loss of hearing in his right ear, spots, lines, flashes in his right eye, and injury to his left and right knees and a finger on his left hand when Plaintiff was knocked out and hit the ground. Defendant Lt. Hart placed Plaintiff and the two inmates back onto Facility A housing, placing Plaintiff in danger. Plaintiff also alleges that Defendant Hart conspired to injure him again or oppress him by forcing him into administrative segregation where they place inmates that murder their cellmates, and where there is a severe loss of privileges, including being locked in a cell twenty-four hours per day.

Plaintiff believes that correctional personnel intended to have him murdered. During this time, inmate Capone murdered his cell mate, and inmate Andy stabbed an inmate about seventeen times in the Building One dayroom, almost killing the prisoner. CCI is a dangerous prison for any alleged "R" Suffix inmates.

Plaintiff also alleges that his original prison appeal was stolen and that staff attempted to interfere with his exhaustion efforts, in violation of "Title 18, USCS 241 & 242." (ECF No. 1 at 6.)

Plaintiff seeks monetary damages.

3

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Failure to Protect – Eighth Amendment Claim

Plaintiff alleges that all of the Defendants placed his life in danger. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.

1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff fails to state a claim against defendants Montoya or Carter for failure to protect him because Plaintiff alleges no facts showing that either of these defendants was aware that the information they placed in Plaintiff's chrono was false information, or knew that Plaintiff faced a substantial risk of serious harm. Plaintiff only alleges that they placed information on his chrono. This is not enough to state a claim.

Plaintiff also fails to state a claim against defendant Lopez for housing Plaintiff in a cell next to inmate Shupp. Plaintiff has not alleged facts showing that defendant Lopez knew about inmate Shupp's violent past, or that Lopez believed that Plaintiff was at risk of harm because Lopez placed Plaintiff into that cell. Moreover, Plaintiff has not alleged that he suffered any harm because of inmate Shupp.

Plaintiff also fails to state a claim against defendants Lopez and Killmer based on allegations that they delivered Plaintiff's chrono to inmate Shupp. First, Plaintiff cannot state a claim against each of these two defendants without showing that each of them acted personally to violate Plaintiff's rights. Plaintiff must name each defendant individually and show how that individual defendant acted, or failed to act, to place Plaintiff in harm's way. To state a claim, Plaintiff must allege facts demonstrating that each of the defendants knew and believed that Plaintiff was at substantial risk of serious harm and yet deliberately ignored the risk or otherwise acted unreasonably. Plaintiff has not done so. To the extent that Plaintiff claims that any defendant was responsible for the December 14, 2015, attack on Plaintiff by two unnamed prisoners, Plaintiff must show a causal link between the defendant's personal conduct and the attack by the unnamed prisoners.

Furthermore, Plaintiff fails to state a failure-to-protect claim against defendant Hart for placing Plaintiff and the two attacking inmates onto the same prison yard, or for placing Plaintiff in administrative segregation. To state a claim, Plaintiff must show that defendant Hart believed that Plaintiff was in serious danger yet intentionally placed Plaintiff and the two

attacking inmates together, and placed Plaintiff in administrative segregation despite his knowledge of a substantial risk of harm to Plaintiff.

Plaintiff's assertion that he believed that correctional personnel intended to have him murdered, without more, is conclusory, does not link any individual defendant with a personal act violating Plaintiff's rights, and therefore cannot state any claim. Plaintiff makes a general statement about inmates with "R" suffixes being in danger, but Plaintiff does not allege that he was labeled with an "R" suffix or was placed in danger because of it. It is not sufficient for Plaintiff to simply claim, without more, that a defendant conspired to harm him, was deliberately indifferent, placed Plaintiff in danger, or participated in an intentional and dishonest scheme. These allegations are conclusory and are not supported by facts. The mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678-79.

Based on the foregoing, Plaintiff fails to state a claim against any of the Defendants for failure to protect him from harm in violation of the Eighth Amendment. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in this claim.

**B.      Prison Appeals Process**

Plaintiff claims that his rights under 18 U.S.C. §§ 241 & 242 were violated when his original prison appeal was stolen and staff attempted to interfere with his exhaustion efforts. Plaintiff's "reliance on 18 U.S.C. § 241 and § 242 as the jurisdictional basis of [these claims] . . . fails as a matter of law since those federal criminal statutes do not create a private right of action." Davis v. Sarles, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (citing see Crosby v. Catret, 308 Fed.Appx. 453 (D.C.Cir. 2009) (*per curiam*) ("The district court properly rejected appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes."); see also Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968).

Moreover, actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). "[I]nmates lack a separate constitutional entitlement to a specific prison

grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley, 997 F.2d at 495; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Furthermore, to the extent that Plaintiff contends that his rights were violated simply because his appeal was stolen, he cannot state a claim for violation of due process. The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law, and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Plaintiff may be able to state a retaliation claim. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). An allegation of retaliation against a prisoner's First Amendment

///

right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff does not identify who stole his appeal. Plaintiff must name an individual defendant. It is not sufficient to claim that "staff" stole his appeal and interfered with his attempts to exhaust remedies. Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a retaliation claim, Plaintiff must also offer facts showing that his appeal was stolen *because* Plaintiff was attempting to file an appeal. Plaintiff must show a causal connection between the adverse action against him (stealing the appeal) and the fact that Plaintiff was exercising his protected rights to file an appeal. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977); also see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Plaintiff's complaint must give each "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Here, Plaintiff has not done so.

Therefore, Plaintiff fails to state a claim for the theft of, or improper processing of his inmate appeal. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in this claim.

**C.     State Law Claims**

Plaintiff brings claims for fraud, negligence, and theft of his personal property. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional

or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint.

To pursue tort or negligence claims under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Plaintiff has not alleged in the Complaint that he complied with this requirement.

Therefore, based on the foregoing, Plaintiff's claims for violations of state law fail. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in this claim.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted under § 1983. The court will dismiss the Complaint and give Plaintiff leave to amend to file a First Amended Complaint addressing the issues described above. The First Amended Complaint should only name as defendants any individuals who

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

10

directly caused Plaintiff harm and explain, using factual allegations, what each defendant knew and did or failed to do, resulting in the violation of Plaintiff's rights. Plaintiff is not precluded from bringing claims in the First Amended Complaint that were found non-cognizable by the court in his Complaint.[1]

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to add allegations of events occurring after the date of filing of this case, May 1, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

---

[1] For any claims dismissed with prejudice and without leave to amend, Plaintiff is not required to include them in a subsequent amended complaint to preserve them for appeal. See Lacey, 693 F.3d at 928. However, for any claims voluntarily dismissed, the court will consider those claims to be waived if not repled. Id.

11

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the Court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00605-LJO-GSA-PC; and
5. If Plaintiff fails to file an amended complaint within 30 days, the Court will recommend that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __April 19, 2018__                    __/s/ Gary S. Austin__
                                                              UNITED STATES MAGISTRATE JUDGE