UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES BOWELL,

    Plaintiff,

vs.

F. MONTOYA, et al.,

    Defendants.

1:17-cv-00605-LJO-GSA-PC

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH PLAINTIFF'S COGNIZABLE CLAIMS AGAINST DEFENDANTS MONTOYA, CARTER, KILLMER, AND LOPEZ, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**
**(ECF No. 16.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

## I. BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2017. (ECF No. 1.) On April 19, 2018, the court screened Plaintiff's Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No 13.) On May 3, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 16.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California. The events at issue in the First Amended Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants F. Montoya (Counselor), D. Carter (Counselor), Correctional Officer (C/O) R. Killmer, C/O S. Lopez, Sergeant (Sgt.) G. Doser, and Lieutenant (Lt.) A. Hart (collectively, "Defendants"), who were all employed at CCI at the time of the events at issue.

Plaintiff's factual allegations follow. Plaintiff has been incarcerated since July 31, 1991. In Plaintiff's CDCR-SOMS Classification Chrono dated November 19, 2015, defendants Montoya and Carter incorporated fraudulent charges from Plaintiff's police criminal rap sheet,

reflecting Plaintiff's arrest on April 4, 1987, for Willful Child Cruelty. Plaintiff was labeled a sex offender or child molester with an institutional "R" suffix placed onto the Chrono. Plaintiff alleges that the fraudulent information had nothing to do with his prison commitment offense, "one count of /failure to register/ PC 290 25 years to life sentence based upon PC 220 assault." ECF No. 16 at 3 ¶IV.

Defendants Lopez and Killmer, intent on exercising their power and view created by defendant Montoya and defined via defendant Carter, interpreted an element having nothing to do with Plaintiff's primary offense. C/O Killmer told inmates that Plaintiff was incarcerated for rape after reviewing the prison computer system institutional SOMS Chrono that showed an arrest for rape with no disposition listed. C/O Lopez gave inmate Sean Shupp the November 19, 2015, Chrono reflecting Plaintiff's life sentence, sex offender label with no visits with minors, and "R" suffix. Plaintiff believes that defendants Killmer and Lopez intended to have Plaintiff murdered.

On December 14, 2015, Plaintiff was assaulted by two inmates, Solman and Barger, on the CCI Facility A-yard. Plaintiff was attacked from behind and hit the ground knocked out cold. Plaintiff suffered a head injury, loss of hearing in his right ear, knee injury, and injury to his right eye causing him to see spots and lines. Plaintiff alleges that he was attacked because of the November 19, 2015 Chrono and rape allegation that was ultimately dismissed in the interest of justice.

Later, Sgt. Doser and Lt. Hart set Plaintiff up to be assaulted again by placing inmates Solman and Barger back onto the same yard facility. The inmates should have been placed in administrative segregation and charged with battery on a prisoner. Sgt. Doser attempted to diffuse the original paperwork which described a crime of violence. The sole purpose of Defendants' actions was to harm Plaintiff. Sgt. Doser and Lt. Hart made a false entry on the record with the intent to murder Plaintiff, so they could silence his litigation.

Plaintiff seeks monetary damages, appointment of counsel, and a jury trial.[1]

---

[1] On October 1, 2018, Plaintiff's request for appointment of counsel was denied, without prejudice. (ECF No. 17.)

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l

Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Criminal Law Statutes -- 18 U.S.C. § 1503(a) and 18 U.S.C. § 1505

Plaintiff cites two criminal law statutes in the First Amended Complaint, 18 U.S.C. § 1503(a) and 18 U.S.C. § 1505. Sections 1503 and 1505 of Title 18 of the United States Code are criminal statutes for the federal criminal offenses of "influencing or injuring an officer of the court or juror" and "obstruction of proceedings before departments, agencies, and committees," respectively. See 18 U.S.C. §§ 1503, 1505. Neither of these criminal statutes provides for a private right of action or civil liability. See Bettencourt v. McCabe, No. 117CV00646DADSAB, 2017 WL 4180979, at *6 (E.D. Cal. Sept. 21, 2017). Section 1503 is a criminal statute that does not provide for civil enforcement. Loadholt v. Obama, No. 2:13-CV-2607-MCE-EFB, 2015 WL 848549, at *3 (E.D. Cal. Feb. 26, 2015) (citing Harvey v. City of S. Lake Tahoe, 2011 U.S. Dist. LEXIS 87944, at *26 (E.D. Cal. Aug. 9, 2011) (Section 1503 is a criminal statute that does not provide for civil enforcement) (citing Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (overruled on other grounds)). Plaintiff does not have a private right of action under 18 U.S.C. § 1505, a criminal statute governing obstruction of proceedings before agencies and committees. Kraft v. Old Castle Precast Inc., No. LA CV 15-00701-VBF, 2015 WL 4693220, at *3 (C.D. Cal. Aug. 5, 2015) (citing Odell v. Humble Oil & Refining Co., 201 F.3d 123, 127 (10th Cir. 1953). Therefore, Plaintiff cannot bring claims in this case under 18 U.S.C. §§ 1503 or 1505.

### B. Due Process

#### 1. Legal Standards

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

///

///

### 2. **False Report**

Plaintiff alleges that defendants Montoya and Carter incorporated false information into Plaintiff's Classification Chrono, and that defendants Dozer and Hart made a false entry on the record. These allegations, even if true, do not raise a constitutional claim because there is no due process right to be free from false charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being reported against him, and he fails to state a due process claim for the improper information in his Classification Chrono.

### 3. **"R" Suffix Classification -- Due Process Claim**

#### a. **Liberty Interest**

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The assignment of an "R" suffix and the resulting increase in custody status and loss of privileges, without more, simply do not "impose[] atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." Id.; Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997); Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995). However, under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal, 131 F.3d at 827 ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.")

In this instance, Plaintiff alleges that defendants Montoya and Carter incorporated fraudulent charges from Plaintiff's police criminal rap sheet into Plaintiff's CDCR-SOMS Classification Chrono, causing Plaintiff to be labeled a sex offender or child molester with an institutional "R" suffix classification. Plaintiff alleges that defendant C/O Killmer told other inmates that Plaintiff was incarcerated for rape, and that C/O Lopez gave inmate Sean Shupp the November 19, 2015 Chrono reflecting Plaintiff's life sentence, sex offender label, and information that Plaintiff is not allowed visits with minors. Plaintiff believes that Killmer and Lopez intended to have Plaintiff murdered. Approximately a month after defendants Killmer and Lopez allegedly informed other inmates about Plaintiff's sex offender status, Plaintiff was assaulted by two inmates on the CCI Facility A-yard, and suffered a head injury, loss of hearing in his right ear, knee injury, and injury to his right eye causing him to see spots and lines.

To state a potentially colorable due process claim based on the allegedly improper classification as a sex offender, plaintiff must allege that the classification error caused him to be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. The court finds that Plaintiff's allegations that he was subjected to assaults and threats as a result of the classification and had to be housed in protective custody as a result, does impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Accordingly, the court finds that Plaintiff has a liberty interest in avoiding the "R" classification label.

7

### b. Notice and Hearing

Because Plaintiff has a liberty interest in avoiding a sex offender label, he is constitutionally entitled to all of the process due under the standards set forth in Wolff, 418 U.S. at 539 (1974). See Sandin, 515 U.S. at 482 ("The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum.[2]"). See also Keenan v. Hall, 83 F.3d 1083 (9th Cir.1996) (embracing this proposition in the context of a prisoner's suit to participate in a hearing to determine his re-classification). "Due process requires that the inmate be notified of the reasons for his classification as a sex offender without the inmate's having to request that information." Neal, 131 F.3d at 832. "An inmate whom the prison intends to classify as a sex offender is also entitled to a hearing at which he must be allowed to call witnesses and present documentary evidence in his defense." Id. at 831.

Against this background, it is clear that Plaintiff did not receive the minimum due process protections required under Wolff. Plaintiff alleges that he has never had an opportunity to formally challenge the imposition of the "sex offender" label in an adversarial setting. He must be afforded that opportunity.

### c. Conclusion

Accordingly, the court finds that Plaintiff states a cognizable claim against defendants Montoya and Carter for violation of the Due Process Clause because of Plaintiff's "R" suffix classification.

### C. Failure to Protect – Eighth Amendment Claim

#### 1. Legal Standards

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison

---

[2] Meachum v. Fano, 427 U.S. 215 (1976).

8

officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### 2. **Defendants Montoya and Carter**

Plaintiff fails to state a claim against defendants Montoya or Carter for failure to protect him because Plaintiff alleges no facts showing that either of these defendants knew that the information they placed in Plaintiff's chrono was false information, or knew that Plaintiff faced a substantial risk of serious harm. Plaintiff only alleges that defendants Montoya and Carter

///

placed improper information in his Classification Chrono. This allegation alone does not state a claim.

### 3. **Defendants Killmer and Lopez**

Plaintiff alleges that defendant Killmer told other inmates that Plaintiff was incarcerated for rape, and defendant Lopez gave inmate Sean Shupp the November 19, 2015 Chrono reflecting Plaintiff's life sentence and sex offender label and stating that Plaintiff was not allowed to visit with minors. Then on December 14, 2015, Plaintiff was assaulted by inmates and seriously injured.

The Ninth Circuit has held that when an inmate alleges that he was labeled a "snitch" and approached by other inmates and threatened, the inmate has stated a claim of deliberate indifference. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).

Here, Plaintiff alleges that defendants Killmer and Lopez intended to have him murdered when they informed other inmates that Plaintiff was labeled a sex offender. About a month later, Plaintiff was assaulted and seriously injured. These allegations are sufficient to state a cognizable claim against defendants Killmer and Lopez for failure to protect Plaintiff, in violation of the Eighth Amendment.

### 4. **Defendants Doser and Hart**

Plaintiff alleges that defendants Doser and Hart set Plaintiff up for another assault when they returned inmates Solman and Barger to the same yard facility after the assault, instead of placing them in administrative segregation. However, Plaintiff has not alleged any facts showing that either of these two defendants was aware of a substantial risk of serious harm to Plaintiff when they placed inmates Solman and Barger back on the yard. In fact, one of Plaintiff's exhibits supports the inference that Plaintiff *himself* did not believe that he was at risk of harm if inmates Solman and Barger were placed back on the yard after the assault.[3] Plaintiff's Administrative

---

[3] All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (citing see Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Sprewell, 266 F.3d at 1187 (citing see Mullis v. United States Bankr.Ct., 828 F.2d 1385, 1388 (9th Cir. 1987)).

Segregation Unit Placement Notice ("Notice"), which Plaintiff attached as an exhibit to the First Amended Complaint, reports that after the December 14, 2015 incident, Plaintiff signed a Compatibility Chrono indicating he *could* continue to program with inmates Solman and Barger without further incident. (ECF No. 16 at 20.) (emphasis added.) According to the Notice it wasn't until January 6, 2016, that Plaintiff informed staff that he feared for his safety, and then on that same date, Officer J. Beeney placed Plaintiff in administrative segregation for his safety. (Id.) Thus, Plaintiff's exhibit contradicts his allegation that defendants Doser and Hart set Plaintiff up for another assault when they returned inmates Solman and Barger to the same yard facility.

Plaintiff also alleges that defendants Doser and Hart falsified information on Plaintiff's paperwork with the intent to murder Plaintiff so they could silence his litigation. However, Plaintiff has not alleged any facts supporting the allegation that defendants acted with the intent to murder him or silence his litigation. There are no facts in the First Amended Complaint showing that defendants Doser or Hart acted with the intent to harm Plaintiff, or that Plaintiff was actually harmed, or at actual risk of being harmed because of these two Defendants' conduct.

Therefore, Plaintiff fails to state a claim against defendant Doser or defendant Hart for failure to protect him under the Eighth Amendment.

### 5. **Conclusion**

Based on the above, Plaintiff states a cognizable claim against defendants Killmer and Lopez for failure to protect Plaintiff under the Eighth Amendment, but not against any other Defendant.

### D. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham, 866 F.2d at 1135; Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff alleges that defendants Doser and Hart falsified information on Plaintiff's paperwork with the intent to murder Plaintiff, so they could silence his litigation. Plaintiff also alleges that defendants Montoya and Carter improperly incorporated information into his Chrono with retaliatory intent. Plaintiff has satisfied the first element of a retaliation claim because falsifying or improperly incorporating Plaintiff's information on his prison records is unquestionably an adverse action. Plaintiff also satisfied the third element of a retaliation claim because he alleges that he was proceeding with litigation. However, to state a retaliation claim Plaintiff must also show that the adverse action was taken against him *because* Plaintiff was proceeding with litigation. Plaintiff has not shown a causal connection between the adverse actions against him and the fact that he was proceeding with litigation. There are no allegations that defendants Doser and Hart even knew about Plaintiff's litigation. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim, Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977); also see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"), giving Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Here, Plaintiff has not done so. Therefore, Plaintiff fails to state a claim for retaliation.

### E. Equal Protection -- Fourteenth Amendment Claim

To the extent that Plaintiff seeks to bring a claim against any of the Defendants for violating his rights to equal protection, Plaintiff fails to state a claim.

///

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for violation of his rights to equal protection.

### F. Conspiracy

Plaintiff claims that defendants Killmer and Lopez both informed inmates about Plaintiff's status as a sex offender, based on CDCR-SOMS Classification Chrono dated November 19, 2015, placing Plaintiff at risk of harm, and defendants Doser and Hart conspired to silence Plaintiff's litigation. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that
///

defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The court finds that Plaintiff's allegations against defendants Killmer and Lopez are sufficient state a cognizable claim for conspiracy to place Plaintiff in harm's way. However, Plaintiff has not alleged any facts supporting the allegation that defendants Doser and Hart entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, the court finds that Plaintiff states a cognizable claim for conspiracy against defendants Killmer and Lopez, but not against defendants Doser and Hart.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint states claims against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm, and for failure to protect Plaintiff under the Eighth Amendment, but no other claims against any of the Defendants. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, it is **HEREBY RECOMMENDED** that:

1. This case proceed against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and

|   |   |
|---|---|
| 1. | Lopez conspiracy to place Plaintiff at risk of serious harm, and for failure to protect Plaintiff under the Eighth Amendment; |
| 2. | All other claims and defendants be dismissed from this action, based on Plaintiff's failure to state a claim; |
| 3. | Plaintiff's claims under criminal law statutes, for making false reports, for retaliation, and for violation of equal protection be dismissed from this action, based on Plaintiff's failure to state a claim; |
| 4. | Defendants Doser and Hart be dismissed from this action, based on Plaintiff's failure to state any claims against them; and |
| 5. | This case be referred back to the Magistrate Judge, for further proceedings including initiation of service of process. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **October 3, 2018**                **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE