UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>F. MONTOYA, et al.,<br><br>        Defendants. | 1:17-cv-00605-LJO-GSA-PC<br><br>ORDER STRIKING IMPERMISSIBLE SURREPLY<br>(ECF No. 32.) |

## I.  BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and for failure to protect Plaintiff under the Eighth Amendment.  (ECF No. 16.)[1]

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case for Plaintiff's failure to state a claim.  (ECF No. 20.)

1

On January 10, 2019, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status ("motion"). (ECF No. 24.) On January 29, 2019, Plaintiff filed an opposition to the motion. (ECF No. 28.) On February 4, 2019, Defendants filed a reply to Plaintiff's opposition. (ECF No. 29.)

On February 13, 2013, Plaintiff filed a second opposition to Defendants' motion. (ECF No. 30.) On February 15, 2019, the court issued an order striking the second opposition as an unauthorized surreply. (ECF No. 31.)

On February 2019, Plaintiff filed a third opposition to Defendants' motion. (ECF No. 32.) The court construes Plaintiff's third opposition again as an impermissible surreply.

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's third opposition to Defendants' motion is a surreply because it was filed on February 15, 2019, after Defendant's motion was fully briefed. The motion for an order revoking Plaintiff's *in forma pauperis* status was fully briefed and submitted on the record under Local Rule 230(*l*) on February 4, 2019, when Defendant filed a reply to Plaintiff's first opposition. (ECF No. 29.) In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[2]

---

[2] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶II.A.)

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on February 15, 2019, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated: **February 19, 2019**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE