UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES BOWELL, | 1:17-cv-00605-LJO-GSA-PC |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE SURREPLY, MOTION FOR EVIDENTIARY HEARING, AND MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | |
| F. MONTOYA, et al., | |
| Defendants. | **(ECF No. 34.)** |

## I. BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with Plaintiff's First Amended Complaint filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 20.)

1

On January 10, 2019, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status. (ECF No. 24.) On January 29, 2019, Plaintiff filed an opposition to the motion. (ECF No. 28.) On February 4, 2019, Defendants filed a reply to the opposition. (ECF No. 29. On February 13, 2019, Plaintiff filed an impermissible surreply, (ECF No. 30), which was stricken by the court on February 15, 2019, (ECF No. 31). On February 15, 2019, Plaintiff filed another impermissible surreply, (ECF No. 32), which was stricken by the court on February 20, 2019, (ECF No. 33).

On February 22, 2019, Plaintiff filed a motion for leave to file another surreply in reply to Defendants' February 4, 2019 reply. (ECF No. 34.) On March 15, 2019, Defendants filed an opposition to the motion. (ECF No. 35.) On March 29, 2019, Plaintiff filed a reply to the opposition. (ECF No. 37.) On March 29, 2019, Plaintiff filed a second reply to the opposition, which he titles "motion for leave to file supplemental surreply identifying good cause opposition to (DAG's) 3/15/19 'imminent danger exception.'" (ECF No. 37.)

Plaintiff's motion for leave to file a surreply is now before the court. Local Rule 230(*l*).

## II. MOTION FOR LEAVE TO FILE SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).

The court generally views motions for leave to file a surreply with disfavor. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. Id. (citing see U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir.

2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.

In this Circuit, courts are required to afford *pro se* litigants additional leniency. E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does *not* extend to permitting surreplies as a matter of course and the court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted. Garcia, 195 F.Supp.3d at 1134.

Plaintiff seeks leave to file a reply in response to Defendants' reply to Plaintiff's opposition to the motion to revoke Plaintiff's *in forma pauperis* status. First, Plaintiff argues that on February 15, 2019, he was under threat of imminent danger due to riots at the R.J. Donovan Correctional Facility where he is presently incarcerated. Second, Plaintiff cites to William v. Paramo, 775 F.3d 1182 ((9th Cir. 1994) (prisoner had three strikes, but imminent danger exists with "R" suffix, *in forma pauperis* granted). Finally, Plaintiff discusses habeas proceedings in which he is challenging one or more of his criminal convictions. Plaintiff requests an evidentiary hearing and appointment of counsel.

In opposition, Defendants argue that Plaintiff's motion provides no basis for allowing a surreply, as nothing in Defendants' reply raised new arguments or evidence, and Defendants' only arguments were made in direct response to Plaintiff's opposition.

In reply, Plaintiff contends that the *in forma pauperis* issue is now resolved and Defendants are required to file an Answer.

///

///

Plaintiff's second reply to Defendants' opposition, filed on March 29, 2019, is itself an impermissible surreply and shall not be considered by the court.[2] Local Rule 230(*l*).

**Discussion**

Plaintiff has not shown good cause for the court to grant him leave to file a surreply. Defendants filed their motion to revoke Plaintiff's *in forma pauperis* status on January 10, 2019; Plaintiff filed his opposition on January 29, 2019; and Defendants filed their reply on February 4, 2019. Upon the filing of Defendants' reply, their motion was fully briefed and before the court. Local Rule 230(l).

As discussed above, a district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1. Here, Defendants did not raise any new arguments or issues in their reply which would require additional briefing by Plaintiff. In their reply Defendants argued that (1) Plaintiff's ailments, that he sees "spots and lines" due to Defendants' actions in 2015, do not amount to an "imminent danger" that would exempt him from § 1915(g)'s revocation provision, and (2) Plaintiff's case 1:10-cv-02336-AWI-DLB was clearly dismissed "for failure to state a claim," despite Plaintiff's belief that the district court wrongfully entered judgment as a "strike" against Plaintiff in that case, and the doctrine of *res judicata* precludes an attack by Plaintiff on judgments entered in his prior cases. (ECF No. 35 at 1-2.) To the extent that Defendants' *res judicata* argument is new, the court finds no good cause for additional briefing on this issue by Plaintiff, and Plaintiff has not indicated that he intends to address this issue in a surreply. None of Defendants' other arguments or issues were newly raised by Defendants in the reply brief, which was responsive to arguments addressed by Plaintiff in his opposition. In his opposition, Plaintiff argued that (1) he suffers from a head injury, loss of hearing in his right ear, knee injury, and injury to his right eye causing him to see spots and lines still to this very day, and (2) the district court wrongfully entered a "strike" against Plaintiff in case 1:10-cv-02336-AWI-DLB, and Plaintiff plans to "revive" the original complaint filed in that

---

[2] The court neither requested this surreply nor granted a request on the behalf of Plaintiff to file it.

4

action in the future. (ECF No. 28 at 1-2.) Since Defendants' reply did not raise any new arguments or issues requiring further briefing by Plaintiff, the court finds no valid reason for additional briefing by Plaintiff and Plaintiff's motion for leave to file a surreply shall be denied. In light of this ruling Plaintiff's request for an evidentiary hearing on this matter shall also be denied.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, it is too early to determine whether Plaintiff is likely to succeed on the merits. The outcome of Defendants' pending motion for an order revoking Plaintiff's *in forma pauperis* status, which if granted would require Plaintiff to pay the $400.00 filing fee in full for this case, is unknown at this time. Moreover, the court finds that Plaintiff can adequately articulate his claims, and Plaintiff's claims -- for retaliation, due process, and failure to protect Plaintiff -- are not complex. Therefore, Plaintiff's request for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a surreply is DENIED;

2. Plaintiff's request for an evidentiary hearing is DENIED; and

3. Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 3, 2019**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE