UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES BOWELL, | 1:17-cv-00605-LJO-GSA-PC |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED** |
| vs. | |
| F. MONTOYA, et al., | **(ECF NO. 24.)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 20.)

1

On January 10, 2019, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status. (ECF No. 24.) On January 29, 2019, Plaintiff filed an opposition to the motion. (ECF No. 28.) On February 4, 2019, Defendants filed a reply to the opposition. (ECF No. 29.) On February 13, 2019, and February 15, 2019, Plaintiff filed impermissible surreplies which were stricken by the court. (ECF Nos. 30, 33.) On February 22, 2019, Plaintiff filed a motion for leave to file another surreply and the motion was denied by the court on April 3, 2019. (ECF Nos. 34, 38.)

Defendants' motion to revoke Plaintiff's *in forma pauperis* status is now before the court. Local Rule 230(*l*).

## II. MOTION TO REVOKE IN FORMA PAUPERIS STATUS

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. Section 1915(g) provides, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" provision. Andrews v. King ("Andrews I")*,* 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005). "Strikes" are prior cases or appeals, brought while the Plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Id. Pursuant to Section 1915(g), a prisoner with three strikes or more, generally cannot proceed *in forma pauperis*. Id.*;* see also Andrews v. Cervantes ("Andrews II")*,* 493 F.3d 1047, 1052 (9th Cir. 2007) (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

"It is well-settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). Section "1915(g) should be used to deny a prisoner's

IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews I, 398 F.3d at 1121; see also Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); O'Neal v. Price, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

According to Andrews I, "a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.' Webster's Third New International Dictionary 913 (1993);" see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"), [and] "[a] case is malicious if it was filed with the 'intention or desire to harm another.' Webster's Third New International Dictionary 1367 (1993)." Andrews I, 398 F.3d at 1121. As for Section 1915(g)'s language regarding an action which "fails to state a claim on which relief may be granted," the Andrews I court noted that it had previously held that such phrase, as used elsewhere in § 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6). Id. (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999)). The court thereby suggested that such language in Section 1915(g) should have the same meaning as it does under Rule 12(b)(6).

A "three-strikes litigant" under this provision is precluded from proceeding *in forma pauperis* in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. See 28 U.S.C. § 1915(g); Andrews II, 493 F.3d at 1053. The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, e.g., prison officials continuing with a practice that has injured him or others similarly situated in the past – at the time the initial complaint is filed, see Andrews II, 493 F.3d at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception . . . Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055 (holding

that the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"); United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007); Williams v. Paramo, 775 F.3d 1182, 1187, 1189 (9th Cir. 2015) ("We concluded in Andrews [II] that § 1915(g) required a showing of imminent danger 'at the time the prisoner filed the complaint' because of the section's use of the present tense and its concern with the initial act of 'bring[ing] the action.'").

When a defendant challenges a prisoner-plaintiff's right to proceed *in forma pauperis*, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's *in forma pauperis* status. Andrews I, 398 F.3d at 1116, 1120. The defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed as "frivolous, malicious or [for] failure to state a claim." Id. (quoting § 1915(g)). Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. Id.

### A. Defendants' Motion

Defendants argue that Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) should be revoked on the grounds that: (1) Plaintiff has previously filed at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted; and, (2) Plaintiff did not allege that he was in imminent danger of serious physical injury at the time he filed this suit.

#### 1. Plaintiff Accumulated at Least Three Strikes Prior to Filing This Action

In support of their motion, Defendants note that Plaintiff filed the following three prior actions or appeals which were dismissed as frivolous, malicious, or for failure to state a claim:

**Strike 1.** **Bowell v. Department of Corrections, S.D. Cal. No. 07-1178 H (AJB)**:

On August 7, 2008, the District Court dismissed Plaintiff's action as frivolous under 28 U.S.C. § 1915A, without leave to amend. (Request for Judicial Notice (RJN), Ex. A.)[2]

---

[2] Defendants request the court to take judicial notice of their attached exhibits. (ECF No. 24-1.) "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R.

**Strike 2.** **Bowell v. California Substance Abuse Treatment Facility at Corcoran, E.D. Cal. 1:10-cv-02336-AWI-DLB**:

On November 16, 2011, the Magistrate Judge recommended the action be dismissed for failure to state a claim. On February 4, 2012, the District Judge adopted the findings and recommendation, specifically ordered that the dismissal is subject to the three strikes provision of 28 U.S.C. § 1915(g), and entered judgment against Plaintiff, without leave to amend. (RJN, Ex. B.)

Defendants argue that the district court's declination of supplemental jurisdiction over Plaintiff's attendant state-law claims does not prevent the involuntary dismissal of the action from counting as a strike. Defendants assert that the Fifth, Seventh, Ninth, and Tenth Circuits have upheld this widespread practice.

**Strike 3.** **Bowell v. Smith, U. S. Supreme Court Case No. 14-6326**:

On November 10, 2014, the U.S. Supreme Court dismissed Plaintiff's petition for a writ of certiorari as frivolous or malicious under Supreme Court Rule 39.8. (RJN, Exhs. C, D.)

Defendants argue that: (1) the dismissal of Plaintiff's petition for writ of certiorari was plainly based on a finding of frivolousness or maliciousness under Supreme Court Rule 39.8, as under the rule the dismissal amounts to "a disposition on the merits of a petition for certiorari . . . following a finding that the filing 'is frivolous or malicious"; and, (2) because the dismissed petition for writ of certiorari was both an "action" and an "appeal" under U.S.C. § 1915(g), it counts as a strike against Plaintiff.

///

///

---

Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Facts that may be judicially noticed include a court's own records in other cases. United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980). Defendants' exhibits consist of court records that appear to be the type of documents readily capable of judicial notice. Therefore, Defendants' request for judicial notice is granted.
.

## 2. Plaintiff is Not Excepted from the PLRA's Imminent Danger Provision

Defendants argue that Plaintiff does not qualify for the imminent danger exception because neither his original complaint, amended complaint, nor either of his IFP applications allege any imminent or ongoing danger. Defendants assert that instead, Plaintiff's allegations in this suit are based solely on the injuries he purportedly suffered as a result of Defendants' classification-related decisions in 2015, at a prison where he has not been incarcerated since the time he initiated this action. (See ECF Nos. 1, 16.) Plaintiff identifies Defendants as employees at the California Correctional Institution, Tehachapi, California, who caused injuries at that prison, and identifies R. J. Donovan Correctional Facility in San Diego, California, as his current place of incarceration. Id.

### B. Plaintiff's Opposition

In opposition, Plaintiff argues that the strike against him in case 1:10-cv-02336-AWI-DLB was entered in error and he intends to revive the original complaint in the future with expert dental witnesses. (ECF No. 28 at 1.) Plaintiff also claims he only has one "strike," which was imposed on him based on "attempted murder via guards." (Id.)

### C. Defendants Reply

In reply, Defendants argue that Plaintiff only argues that the district court incorrectly decided his strike in case 1:10-cv-02336-AWI-DLB, and courts cannot revisit the merits of prior dismissals when determining an IFP strike. Defendants also argue that Plaintiff's ongoing effects of alleged injuries due to Defendants' actions in 2015 -- seeing "spots and lines still to this very day" -- are not the type of imminent danger meant by Congress in the "three strikes" provision, and therefore Plaintiff is not entitled to proceed *in forma pauperis* in this case. (ECF No. 29 at 2.)

### Discussion

As an initial matter, the court has carefully reviewed Plaintiff's original Complaint and finds that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. §

1915(g)). In the Complaint, Plaintiff alleges that on November 18, 2015, Defendants, employees at California Correctional Institution (CCI) in Tehachapi, California, purposely misclassified him as a sex offender. Plaintiff alleges that on December 14, 2015, he was attacked and injured by two prisoners. Plaintiff believes that correctional personnel intended to have him murdered. On January 6, 2016, Plaintiff was placed in administrative segregation at CCI.

On May 1, 2017, when Plaintiff filed his original Complaint, he indicated that he was incarcerated at the R. J. Donovan Correctional Institution in San Diego, California. Nothing in Plaintiff's Complaint suggests he faced any "ongoing danger" of serious physical injury sufficient to "meet the imminent danger prong of the three-strikes exception" at the time he filed his Complaint. Cervantes, 493 F.3d at 1057. Therefore, Plaintiff may be barred from proceeding *in forma pauperis* in this action if he has, on three prior occasions, had civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim. See 28 U.S.C. § 1915(g).

The court shall address the dismissal of each of the three lawsuits previously filed by Plaintiff which Defendants characterize as "strikes" in their pending motion to revoke Plaintiff's *in forma pauperis* status.

**(1)** **Bowell v. Department of Corrections, S.D. Cal. No. 07-1178 H (AJB)**:

In support of their pending motion, Defendants have submitted a copy of the docket sheet from this case, (Request for Judicial Notice (RJN), ECF No. 24-1 at 5-6 (Exh. A-1)), and a copy of the assigned District Judge's August 7, 2008 order dismissing this action as "frivolous", (Id. at 44-47 (Exh. A-3)). Based on the evidence presented by Defendants, the court finds that the dismissal of this case in 2008 constitutes a strike for purposes of § 1915(g) because the dismissal was based on an express finding of frivolousness.

**(2)** **Bowell v. California Substance Abuse Treatment Facility at Corcoran, E.D. Cal. 1:10-cv-02336-AWI-DLB**:

In support of their pending motion, Defendants have submitted a copy of the docket sheet from this case, (RJN, ECF No. 24-1 at 49-53 (Exh. B-1)), a copy of the assigned Magistrate Judge's findings and recommendations, recommending that the action be dismissed for failure to state a claim, (Id. at 136-141 (Exh. B-5)), and a copy of the assigned District Judge's order

adopting those findings and recommendations in full and dismissing the action on November 16, 2011, for failure to state a claim, (Id. at 143-144 (Exh. B-6)). Based on the evidence presented by Defendants, the court finds that the dismissal of this case in 2011 constitutes a strike for purposes of § 1915(g) because the dismissal was based on an express finding of failure to state a claim.

### (3) Bowell v. Smith, U. S. Supreme Court Case No. 14-6326:

In support of their pending motion, Defendants have submitted a copy of the Supreme Court's docket from this case, (RJN, ECF No. 24-1 at 162-163 (Exh. D-1)), and a copy of the Supreme Court Clerk's Notice that on November 10, 2014, an order was entered dismissing Plaintiff's petition for writ of certiorari under the U.S. Supreme Court's Rule 39.8. (Id. at 160 (Exh. C-4)). The summary entry on the Court's docket from that case on November 10, 2014, states in its entirety, "The motion for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8." (Id. at 162 (Exh. D-1)).

Rule 39.8 of the United States Supreme Court provides:

> If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ is frivolous or malicious, the Court may deny leave to proceed in forma pauperis.

"[A] dismissal ripens into a strike for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expires, if he did not." Senator, 2012 WL 2046792, at *2 (quoting Silva v. DiVittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation marks omitted).

Based on the foregoing and the evidence presented by Defendants, the court finds that the dismissal of Plaintiff's petition for writ of certiorari in this case in 2014 constitutes a strike for purposes of § 1915(g).

### III.    RECOMMENDATIONS AND CONCLUSION

In light of the foregoing analysis, the court finds that under 28 U.S.C. § 1915(g), , Plaintiff brought a civil action or appealed a judgment in a civil action under § 1915, on three or more occasions, while incarcerated or detained in any facility, that were dismissed on the grounds that

they were either frivolous, malicious, or failed to state a claim upon which relief may be granted, and that Plaintiff was not under imminent danger of serious physical injury at the time he filed the Complaint for this action.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to revoke Plaintiff's *in forma pauperis* status, filed on January 10, 2019, be GRANTED;
2. Plaintiff's *in forma pauperis* status be REVOKED, pursuant to 28 U.S.C. § 1915(g); and
3. Plaintiff be required to pay the $400.00 filing fee for this action in full within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** of the date of service of these Findings and Recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2019**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE