UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>F. MONTOYA, et al.,<br><br>        Defendants. | 1:17-cv-00605-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO SET ASIDE COURT'S ORDER BE GRANTED, AND PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER BE DENIED AS MOOT**<br>**(ECF Nos. 48, 49.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on May 3, 2018, against Defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against Defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and for failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 20.)

On January 10, 2019, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status based on his accumulation of "three strikes" under U.S.C. § 1915(g). (ECF No. 24.) On April 12, 2019, the court entered findings and recommendations, recommending that Defendants' motion be granted. (ECF No. 39.) On May 1, 2019, the district court adopted the findings and recommendations granting Defendants' motion to revoke Plaintiff's *in forma pauperis* status and requiring Plaintiff to pay the $398.00 balance of the filing fee for this case, within thirty days. (ECF No. 42.) On May 20, 2019, Plaintiff requested a 120-day extension of time to pay the filing fee which was granted by the court on June 4, 2019. (ECF. Nos. 45, 47.) To date, Plaintiff has not paid the filing fee.

On August 27, 2019, Defendants filed a motion to set aside the court's May 1, 2019 order in light of a decision by the Ninth Circuit Court of Appeals in Harris v. Harris, No. 16-55083, 2019 WL 3938883 (9th Cir. Aug 21, 2019). (ECF No. 48.) On September 3, 2019, Plaintiff filed a motion for reconsideration of the May 1, 2019 order. (ECF No. 49.)

## II.     HARRIS V. HARRIS

On August 21, 2019, in Harris v. Harris, the Ninth Circuit Court of Appeals held that the dismissal of a prior action after declining to exercise supplemental jurisdiction over state law claims did not qualify as a "strike" under 28 U.S.C. § 1915(g). Harris, 2019 WL 3938883, at *3. The Court reasoned that because "[d]ismissal based on a district court's decision not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g)," a dismissal on a ground other than frivolousness, maliciousness, or failure to state a claim will not qualify as a strike. Id. (quoting Fourstar v. Garden City Grp., Inc., 875 F.3d 1147, 1152 (D.C. Cir 2017). Thus, "[u]nless an incarcerated litigant has accrued three strikes on grounds plainly enumerated in § 1915(g), she is entitled to IFP status." Harris, 2019 WL 3938883, at *5.

## III.    DEFENDANTS' MOTION TO SET ASIDE THE COURT'S ORDER

Based on the decision in Harris, Defendants request the court to set aside its May 1, 2019 order revoking Plaintiff's *in forma pauperis* status. Defendants concede that one of the three cases identified by Defendants as a basis for revoking Plaintiff's IFP status, Bowell v. California Substance Abuse Treatment Facility at Corcoran, E.D. Cal. 1:10-cv-02336-AWI-

DLB, no longer qualifies as a strike under Harris because the district court dismissed the case and declined supplemental jurisdiction over Plaintiff's attendant state-law claims. In light of Harris, Defendants assert that it no longer appears that Plaintiff accrued three or more strikes prior to bringing this action. Accordingly, Defendants request the court to "set aside its order revoking Plaintiff's IFP status under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which allows a final order to be set aside for any reason that 'justifies relief.'" (ECF No. 48 at 3 ¶ II.) Defendants also request that the court allow them 21 days from its order on this motion to file a responsive pleading.

## IV. PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Motion for Reconsideration

Plaintiff brings a motion for reconsideration of the May 1, 2019 order revoking his *in forma pauperis* status.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134

F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff asserts that the alleged strike against him by the United States Supreme Court in Bowell v. Smith, 14-6326, is not a strike because the dismissal in that case was simply for failure to exhaust administrative remedies.

Plaintiff requests 120 days before discovery is opened or trial is scheduled in this case to obtain his release from custody pursuant to his habeas corpus petitions, and to hire a law firm team.

## VI. DISCUSSION

The recent decision in Harris is an intervening change in the controlling law deciding when the dismissal of a case qualifies as a "strike" under 28 U.S.C. § 1915(g). It is evident that under the new law Defendants cannot show that Plaintiff accrued three strikes before filing this case. Therefore, Defendants' motion to set aside the court's order should be granted and the May 1, 2019 order revoking Plaintiff's *in forma pauperis* status should be vacated. In light of that decision, Plaintiff's motion for reconsideration should be denied as moot. The court should also reinstate its May 16, 2017 order granting Plaintiff leave to proceed *in forma pauperis*. Good cause appearing, the court shall recommend that Defendants be granted 21 days from the date of service of this order to file a responsive pleading, and Plaintiff be allowed 120 days before the court opens discovery in this case.

## VII. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **THE COURT HEREBY RECOMMENDS** that:

1. Defendants' motion to set aside the court's order revoking Plaintiff's *in forma pauperis* status, filed on August 27, 2019, be GRANTED;

2. The court's order issued on May 1, 2019, revoking Plaintiff's *in forma pauperis* status, be VACATED;

3. Plaintiff's motion for reconsideration, filed on September 3, 2019, be DENIED as moot;

4. The court's order issued on May 16, 2017, granting Plaintiff leave to proceed *in forma pauperis* in this case, be REINSTATED;

5. Plaintiff be GRANTED leave to proceed *in forma pauperis* in this case;

6. Defendants be GRANTED twenty-one days from the date of service of this order in which to file a pleading responsive to the complaint;

7. Plaintiff be GRANTED one hundred-twenty days from the date of service of this order before discovery is opened in this case; and

8. This case be REFERRED back to the Magistrate Judge for further proceedings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after the date of service of these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after the objections are filed. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __September 12, 2019__  __/s/ Gary S. Austin__
UNITED STATES MAGISTRATE JUDGE