UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>        Plaintiff,<br><br>   vs.<br><br>F. MONTOYA, et al.,<br><br>        Defendants. | 1:17-cv-00605-LJO-GSA-PC<br><br>**ORDER ADDRESSSING PLAINTIFF'S SUPPLEMENT FILED ON DECEMBER 2, 2019**<br>**(ECF No. 58.)** |

**I.    BACKGROUND**

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

On November 7, 2019, defendants Montoya, Carter, Killmer and Lopez filed an Answer to the First Amended Complaint. (ECF No. 54.) On November 18, 2019, Plaintiff filed a

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case for Plaintiff's failure to state a claim. (ECF No. 20.)

response to the Answer. (ECF No. 56.) On December 2, 2019, Plaintiff filed a supplemental response to the Answer which Plaintiff titled "Supplement to Answer 11/14/19; Exhaustion Verification; Supporting Case Law Directly on Point; Amending Complaint Adding CDCR as Defendants; Corporate Liability" (hereinafter, "Supplement"). (ECF No. 58.)

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

In Plaintiff's Supplement, he discusses amending the complaint to add the State and CDCR as defendants. (Id. at 2-3.) Plaintiff may not add defendants in this manner. Local Rule 220. Under Rule 220, Plaintiff may not add defendants to the First Amended Complaint by submitting a Supplement separately from the First Amended Complaint. To add information or make a correction to the First Amended Complaint, Plaintiff must file a Second Amended Complaint which is complete in itself without reference to prior complaints.

At this stage of the proceedings Plaintiff may amend the complaint only with the Defendants' written consent or the court's leave. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

If Plaintiff wishes to amend the complaint he must file a motion to amend discussing the changes or additions he wishes to make. Plaintiff must also, concurrently with the motion to

amend, submit a separate proposed Second Amended Complaint for the court's review. The proposed Second Amended Complaint is limited to twenty-five pages, including exhibits.

**III. CONCLUSION**

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Supplement, filed on December 2, 2019, is not sufficient to add defendants or claims to the First Amended Complaint, pursuant to Local Rule 220; and

2. If Plaintiff wishes to amend the First Amended Complaint he must file a motion to amend, and submit concurrently therewith, a separate proposed Second Amended Complaint complete in itself, not exceeding twenty-five (25) pages.

IT IS SO ORDERED.

Dated: **January 27, 2020**           **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE