UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>           Plaintiff,<br><br>      vs.<br><br>F. MONTOYA, et al.,<br><br>           Defendants. | 1:17-cv-00605-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE**<br>**(ECF No. 64.)** |

**I.      BACKGROUND**

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1] This case is now in the discovery phase.

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 20.)

1

On June 2, 2020, Plaintiff filed a motion to compel. (ECF No. 64.) On June 19, 2020, Defendants filed an opposition to the motion. (ECF No. 68.) On June 29, 2020, Plaintiff filed a reply. (ECF No. 69.)

Plaintiff's motion to compel is now before the court. L.R. 230(*l*).

## II. MOTION TO COMPEL

### A. Legal Standards

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

Womack v. Virga, No.CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, and Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

**B.   Plaintiff's Motion**

Plaintiff requests a court order compelling Defendants to produce their personnel files to Plaintiff, or to the court for *in camera* review.

Defendants respond that Plaintiff's motion should be denied because Plaintiff has not identified any discovery request served on Defendants, or any inadequate response thereto from Defendants.

In reply, Plaintiff states that he is entitled to review Defendants' personnel files or request *in camera* review of such files. Plaintiff seeks evidence of Defendants' interference with inmates' exhaustion of remedies.

**C.   Discussion**

Plaintiff has not individually addressed any particular discovery request, nor demonstrate that any specific response thereto is deficient. In fact, Plaintiff has not alleged that he served Defendants with a request for production of documents and awaited a response before bringing the motion to compel. Plaintiff may seek an order compelling disclosure *after* he has made a request to Defendants and *after* Defendants have failed to respond or provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). In doing so, Plaintiff must put Defendants on notice as to the alleged deficiencies of each of their responses. Here, Plaintiff's vague

assertion that he is entitled to information in Defendants' personnel files is not sufficient to support the motion to compel. Consequently, Plaintiff's motion to compel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Plaintiff is advised that any future motion to compel must individually analyze each discovery request and response and set forth arguments to explain how Defendants' objections to each request are improper. Plaintiff's motion to compel must notify Defendants how each response is deficient. Specifically, the motion to compel must: 1) set forth each disputed request exactly as Plaintiff phrased it in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original response, and 3) address each objection made by Defendants and explain how each objection is deficient or improper. Plaintiff may not raise his arguments for the first time in his reply brief, and may not simply file a motion to compel that identifies the discovery requests in dispute and then provide only vague and general conclusions regarding the alleged inadequacy of Defendants' responses.

As the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why Defendants' objection is not justified. Plaintiff may not simply assert that he wants an order compelling responses.

Plaintiff's motion to compel shall be denied as procedurally defective, without prejudice to renewal of the motion at a later stage of the proceedings.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on June 2, 2020, is DENIED as procedurally defective, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated:   **July 10, 2020**            **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE