UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>            Plaintiff,<br><br>   vs.<br><br>F. MONTOYA, et al.,<br><br>            Defendants. | 1:17-cv-00605-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 63.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE, AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>**New Discovery Deadline:**</u>          **November 24, 2020**<br><br><u>**New Dispositive Motions Deadline**</u>: **January 24, 2021** |

## I.    BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and

Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

On February 24, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 24, 2020, and a dispositive motions deadline of October 24, 2020. (ECF No. 63.) On June 19, 2020, Defendants filed a motion to modify the Scheduling Order. (ECF No. 67.) Plaintiff has not filed an opposition to the motion.

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Defendants request extensions of discovery deadline until November 24, 2020, and the dispositive motions deadline until January 24, 202, because "they are currently unable to depose Plaintiff on prison grounds due to the COVID-19" pursuant to a request by the California Department of Corrections and Rehabilitation to "temporarily refrain from scheduling prison depositions."   (ECF No. 67 at 3:14-17 and Declaration of Byron Miller at ¶2.)

The court finds good cause to grant Defendants' motion and extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order. Plaintiff has not opposed the motion and Defendants have shown that even with the exercise of due diligence, they cannot meet the requirements of the order. Therefore, Defendants' motion to modify the Scheduling Order shall be granted.

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 20.)

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order, filed on June 19, 2020, is GRANTED;
2. The deadline for the completion of discovery is extended from August 24, 2020 to **November 24, 2020** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from October 24, 2020 to **January 24, 2021** for all parties to this action; and
4. All other provisions of the court's February 24, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **July 10, 2020**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE