1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES BOWELL,                          1:17-cv-00605-NONE-GSA-PC

12              Plaintiff,                    **ORDER REQUIRING PARTIES TO**
                                              **NOTIFY COURT WHETHER A**
13        vs.                                 **SETTLEMENT CONFERENCE WOULD**
                                              **BE BENEFICIAL**
14    F. MONTOYA, et al.,                     **(ECF No. 65.)**

15              Defendants.                   **THIRTY-DAY DEADLINE**

16

17

18    **I.      BACKGROUND**

19        James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

20    with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's

21    First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for

22    violation of due process under the Fourteenth Amendment, and against defendants Killmer and

23    Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under

24    the Eighth Amendment.  (ECF No. 16.)[1]  This case is now in the discovery phase.

25        On June 17, 2020, Plaintiff filed a "Motion to Advance Disposition Settlement

26    Conference," in which he indicated a willingness to settle this case.  (ECF No. 65.)

27    _____

28        [1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from
      this case, for Plaintiff's failure to state a claim.  (ECF No. 20.)

                                                 1

## II.      SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III.      CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall each file a written response to this order, notifying the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[3]

IT IS SO ORDERED.

Dated:    **July 10, 2020**                         **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2]  The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[3]  The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.