UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>F. MONTOYA, et al.,<br><br>    Defendants. | 1:17-cv-00605-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY**<br>**(ECF No. 85.)** |

## I.  BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment.  (ECF No. 16.)[1]

On February 24, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 24, 2020, and a

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim.  (ECF No. 20.)

1

dispositive motions deadline of October 24, 2020. (ECF No. 63.) On July 10, 2020, on Defendants' motion, the court extended the discovery deadline to November 24, 2020, and the dispositive motions deadline to January 24, 2021. (ECF No. 74.) Thus, discovery in this case was closed on November 24, 2020.

On November 25, 2020, Plaintiff filed a motion for a stay of the proceedings in this action. (ECF No. 85.) On December 15, 2020, Defendants filed an opposition to the motion. (ECF No. 86.) On January 5, 2021, Plaintiff filed a reply to the opposition. (ECF No. 87.)

## II.     LEGAL STANDARDS

### A.     Motion for Stay

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

### B.     Motion for Modification of Scheduling Order

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## III.    PLAINTIFF'S MOTION

Plaintiff requests a stay of the proceedings in this case for up to 180 days until he is released from custody following a California Supreme Court ruling on his state court habeas

petition, which is expected in 90 days. Plaintiff anticipates that after the favorable ruling on his habeas petition he will be released from custody at a CDCR Parole Board Hearing. Upon release, Plaintiff plans to retain counsel to assist with litigation of this case. Thus, Plaintiff requests a stay of this case until such time as he has retained counsel.

### B. Defendants' Opposition

In opposition to the motion Defendants argue that Plaintiff has not shown good cause for modification of the scheduling order. Defendants assert that Plaintiff has not explained why, despite reasonable diligence, he could not complete discovery during the nine months before it closed, or why, despite reasonable diligence, he cannot meet the January 24, 2021 dispositive motions deadline.

Defendants also argue that Plaintiff's release from prison, as well as his ability to hire counsel, is entirely speculative. Defendants point out that if Plaintiff's habeas petition is granted Plaintiff will only be eligible for parole *consideration* by the Board of Parole Hearings; and even if Plaintiff is released from prison he has not shown how his release would enable him to hire counsel to prosecute this case.

In response, Plaintiff argues that a stay should be granted because he has contracted Covid-19, and the stay should last until the pandemic is under control. Plaintiff contends that a team of lawyers could properly investigate Defendants' entire activity during Defendants' CDCR employment and interview 300 prisoners who were present during the time as witnesses. Plaintiff also suggests that an *in camera* review of Defendants' personnel files might raise questions about Defendants' credibility.

### C. Discussion

The court finds no good cause to modify its scheduling order and impose a stay of this action until Plaintiff is released from custody and retains counsel. Discovery was closed in this case on November 24, 2020 after the parties had nine months to conduct discovery. The additional discovery that Plaintiff expects his retained counsel to conduct is only speculative, and he has not explained why his ability to retain counsel will improve when he is released from custody. Plaintiff has not argued that he requires an extension of the dispositive motions deadline

and in fact, Plaintiff filed a motion for summary judgment on August 24, 2020, without requesting more time for discovery. Plaintiff has not shown that even with the exercise of due diligence he could not meet the requirements of the scheduling order. Therefore, the court shall deny Plaintiff's motion for stay.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for stay, filed on November 25, 2020, is denied.

IT IS SO ORDERED.

Dated:   **January 15, 2021**              /s/ Gary S. Austin
                                                         UNITED STATES MAGISTRATE JUDGE