UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>F. MONTOYA, et al.,<br><br>　　　　Defendants. | **1:17-CV-00605-NONE-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF NO. 92.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br>**(ECF NOS. 92, 94, 97, 98.)** |

## I. BACKGROUND

James Bowell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on May 3, 2018, against defendants Montoya and Carter for violation of due process under the Fourteenth Amendment, and against defendants Killmer and Lopez for conspiracy to place Plaintiff at risk of serious harm and failure to protect Plaintiff under the Eighth Amendment. (ECF No. 16.)[1]

---

[1] On October 25, 2018, the court issued an order dismissing all other claims and defendants from this case, for Plaintiff's failure to state a claim. (ECF No. 20.)

1

On February 3, 2021 (ECF No. 92), February 25, 2021 (ECF No. 94), and March 5, 2021 (ECF No. 97), Plaintiff requested reconsideration of the court's order (ECF No. 89) issued on January 19, 2021, which denied Plaintiff's motion for stay of the deadlines in the court's scheduling order (ECF No. 63). Plaintiff also filed a motion for appointment of counsel (ECF No. 92).

## II. APPOINTMENT OF COUNSEL

On February 3, 2021, Plaintiff filed a motion for appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff argues that he needs a Law Firm Team Of Lawyers working on his behalf to conduct investigations and prepare for a civil jury trial, with law degrees capable of experience to resolve this controversy with evidentiary documents. He seeks further discovery motions, points of law, and disclosures of personal injuries involving wrongdoing of defense counsel "taking advantage of an old man wrongfully incarcerated for over 30 years being held hostage unconstitutionally, unlawfully, via CDCR defendants in Case 2:18-cv-02726-MCE-DMC (U.S. District Court in Sacramento) pending motion to reopen dated January 13, 2021." (ECF No. 92 at 2.) These conditions do not make Plaintiff's cases exceptional under the law. Plaintiff's claims for retaliation, due process, and failure to protect Plaintiff are not complex, and Plaintiff can adequately articulate his claims. Therefore, Plaintiff's request for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

Plaintiff requests the court to reconsider the denial of his motion to stay the deadlines in the scheduling order for this case issued on July 10, 2020. On July 10, 2020, on Defendants'

motion, the court extended the discovery deadline to November 24, 2020, and the dispositive motions deadline to January 24, 2021. (ECF No. 74.) These deadlines have now expired.

On November 25, 2020, Plaintiff filed a motion for a stay of the proceedings in this action. (ECF No. 85.) On December 15, 2020, Defendants filed an opposition to the motion. (ECF No. 86.) On January 5, 2021, Plaintiff filed a reply to the opposition. (ECF No. 87.) Plaintiff sought a stay of the proceedings in this case for up to 180 days until he is released from custody following a California Supreme Court ruling on his state court habeas petition, which was expected in 90 days. Plaintiff anticipates that after the favorable ruling on his habeas petition he will be released from custody at a CDCR Parole Board Hearing. Upon release, Plaintiff plans to retain counsel to assist with litigation of this case. Plaintiff requested a stay of this case until such time as he had retained counsel.

On January 19, 2021, the court denied Plaintiff's motion for stay finding no good cause to modify the scheduling order and impose a stay of this action, or to re-open discovery after the parties had nine months to conduct discovery. (ECF No. 89.) The court found that Plaintiff had not explained why his ability to retain counsel will improve when he is released from custody, or how, even with the exercise of due diligence he was unable to meet the requirements of the scheduling order.

Plaintiff requests reconsideration of the court's order, arguing that he is entitled to 90 days in which to investigate defendants and their counsel for a fair judicial civil trial. First, Plaintiff alleges that defense counsel told outright lies to win by fraud, and direct testimony by his witnesses will reveal fraud. Second, Plaintiff argues that he requires a 90-day stay of discovery because he intends to hire a Law Firm Team of Lawyers in the San Fernando Valley when he is released from custody. Third, Plaintiff requests a stay until a Supreme Court case, Miller v. French, is decided, establishing prerequisites for a stay. Fourth, Plaintiff contends that he needs a team of lawyer's experts to deal with the internal mechanics of the California prison system's abuse of power, able to investigate defendants thoroughly and file criminal charges. Finally, Plaintiff states that he requires a 90-day stay because he expects a new abstract of

judgment voiding the 25 year to life enhancement within 30 days if not sooner, giving him time to find a law firm.

Plaintiff has not set forth facts or law of a strongly convincing nature in his motions for reconsideration to induce the Court to reverse its prior decision. Therefore, the motions for reconsideration shall be denied. Moreover, no further objections or motions for reconsideration concerning Plaintiff's motion for stay of the proceedings in this action, or to modify the deadlines in the scheduling order, shall be considered by the Court.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed on February 3, 2021, is DENIED, without prejudice;
2. Plaintiff's motions for reconsideration, filed on February 3, 2021, February 25, 2021, and March 5, 2021, are DENIED; and
3. No further objections or motions for reconsideration concerning Plaintiff's motion for stay of the proceedings in this action or to modify the deadlines in the scheduling order shall be considered by the Court.

IT IS SO ORDERED.

Dated: **April 29, 2021**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE